IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 4:14-mj-162 -MSH |
| | : |
| HUNTER M. HENDERSON, | : |
| | : |
| Defendant. | : |

_____

# O R D E R

On February 11, 2015, the Court held a hearing on Defendant's motion to suppress and in limine to exclude the field sobriety tests and breathalyzer tests performed on Defendant (ECF No. 9). For the reasons explained below, Defendant's motion to suppress is denied and his motion in limine is denied in part and granted in part.

## FINDINGS OF FACT

Defendant Hunter Henderson is charged with two counts of driving while under the influence—DUI with an alcohol concentration of .08 or more and DUI less safe—in violation of 18 U.S.C. §§ 7 and 13 in conjunction with O.C.G.A. § 40-6-391(a)(5) and (a)(1). On September 27, 2014, a little after eleven o'clock at night, Defendant Henderson drove up to an access point for Fort Benning, Georgia, and was approached by a guard. Hr'g Tr. 5:19-23, 6:2-3. The guard called over Officer Dennis Newby[1] who is a

---

[1] Officer Newby was a military police officer for twenty-two years and has been a police officer at Fort Benning for nine years. Hr'g Tr. 4:3-7. In addition to his initial training in school and his experience, Officer Newby undergoes semi-annual departmental training. Officer Newby has also had annual training in field sobriety tests beginning in 1983. Hr'g Tr. 4:15-19. However, Officer Newby is not certified to perform the horizontal gaze nystagmus (HGN) field sobriety

police officer at Fort Benning. *Id.* at 4:1, 5:19-23. Officer Newby asked for identification from the driver and passenger and noticed a "strong odor of alcohol emitting from the vehicle." Hr'g Tr. 6:6-8. He consequently asked the driver to step out of the vehicle in order to separate him from the smell of the car. *Id.* at 6:10-13. When Defendant Henderson stepped out of the car, Officer Newby noticed a strong smell of alcohol coming from Defendant. Hr'g Tr. 6:15-16; 28:21-29:1.

Although Defendant Henderson denied drinking, Officer Newby asked Defendant Henderson to perform the standard field sobriety tests. *Id.* at 6:15-17. Defendant Henderson agreed to perform the standard field sobriety tests. *Id.* While demonstrating the walk and turn, Officer Newby noticed that Defendant Henderson was very "unsure of his balance." Hr'g Tr. 8:4-7. Officer Newby also noticed that Defendant Henderson's eyes were bloodshot and his speech was slurred. *Id*. at 8:8-12; 29:2-6. When Defendant Henderson performed the walk and turn test, he exhibited four clues as to his intoxication. *Id.* at 8:14-21.

After the walk and turn test, Officer Newby asked Defendant Henderson if he had any medical conditions that would keep him from being able to perform the one leg stand test. Hr'g Tr. 8:22-9:10. Defendant Henderson stated that he had an old leg injury; consequently, Officer Newby did not perform the one leg stand test. *Id.* at 9:12-20. Officer Newby then arrested Defendant Henderson, took him to the MP station to have a

---

test. *Id.* at 11:14-15, 12:19-22. Furthermore, Officer Newby is not NHTSA, National Highway Traffic Safety Administration, certified on field sobriety tests. *Id.* at 25:12-15.

breathalyzer test done, and read him the federal implied consent form. *Id.* at 9:17-10:13. Defendant Henderson signed a rights waiver form. *Id.* at 10:8-13.

At the MP station, Officer Newby observed Defendant Henderson during the twenty minute observation period. Hr'g Tr. 41:23-43:20. Captain Mendoza then performed the breathalyzer test on Defendant Henderson using the Intoxilyzer 5000.[2] Hr'g Tr. 31:13-4. The initial reading was a .187. *Id.* at 38:16-17. The final reading of the breathalyzer test was a .171. *Id.* at 34:18-19.

## DISCUSSION

Defendant seeks to have the evidence surrounding his arrest, primarily the walk and turn test and the readings of the Intoxilyzer 5000, suppressed. Defendant argues that he was arrested without probable cause. He has made multiple arguments to show that the arresting officer lacked probable cause: (1) the field sobriety test was improperly performed; (2) the field sobriety test performed is a scientific test that should be excluded; (3) the arresting officer failed to comply with O.C.G.A. § 40-6-392 and O.C.G.A. § 40-5-67.1; (4) the implied consent waiver was invalid and untimely.

"An officer has probable cause to arrest a person when he has sufficient knowledge, based on reasonably trustworthy information, for a prudent person to believe that the suspect has committed or is committing an offense." *United States v. Harrell*, -- F. App'x --, 2015 WL 1134800, at *2 (11th Cir. Mar. 16, 2015). "Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to

---

[2] Captain Mendoza is certified and trained to operate the Intox 5000. Hr'g Tr. 30:16-31:3.

support a conviction." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotation marks and citation omitted).  Furthermore, this test is an objective one, s*ee, e.g., Whren v. United States*, 517 U.S. 806, 813 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."), that "depends on the totality of the circumstance." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citation omitted).

      Here it is clear that, based on the totality of the circumstances, Officer Newby had probable cause to arrest Defendant Henderson for driving while under the influence of alcohol.  Officer Newby approached Defendant's car and noticed a strong smell of alcohol.  Officer Newby separated Defendant from the car and his passengers and found that the smell of alcohol was coming from Defendant's person.  Defendant then agreed to perform the walk and turn field sobriety test.  While demonstrating the field sobriety test, Officer Newby noticed that Defendant's eyes were blood-shot, his speech was slurred, and he was having problems with his balance.  At this point, Officer Newby had probable cause to arrest Defendant.[3]  *See, e.g., Schmerber v. California*, 384 U.S. 757, 768-69 (1966) (finding that the officer "plainly" had probable cause when he observed an odor of alcohol and driver's eyes were "bloodshot, watery, [and] . . . glassy").

      The fact that Officer Newby then went on to perform a walk and turn test, which Defendant performed poorly, does not negate probable cause.  Furthermore, the walk and turn test in this case was properly administered.  Defendant's arguments that Officer Newby is not properly trained, did not give proper instructions, and did not properly

---

[3] Defendant argues that an odor of alcohol, without more, is insufficient to create probable cause. As described above, Officer Newby arrested Defendant based on more than just an odor of alcohol.

4

demonstrate the test is not supported by the testimony. Officer Newby testified to his extensive and yearly training, that he provided Defendant with instructions and a demonstration, and that he asked Defendant whether Defendant understood the instructions. Hr'g Tr. 4:3-19, 7:4-8:1, 16:11-18:15. Defendant did not tell Officer Newby that Defendant could not understand the instructions or could not perform the test.[4] *Id.* at 17:23-15.

Defendant's reliance on 32 C.F.R. §§ 634.33 and 634.36 is misplaced. Defendant contends that these two regulations require that a field sobriety test be suppressed if performed by someone who is not NHTSA trained and/or by someone who does not explicitly follow NHTSA procedures. The Defendant also avers that these provisions require the Government to affirmatively prove (it is unclear by what standard) "that NHTSA procedures were followed for the [field sobriety] test to be admissible."

Section 634.36(b) states that when an officer "reasonably concludes that the individual driving or in control of the vehicle is impaired, field sobriety tests should be conducted on the individual." It then explains that three different types of field sobriety tests should be performed: (1) "a standard field sobriety test (such as one-leg stand or walk and turn)", (2) the horizontal gaze nystagmus tests as sanctioned by NHTSA, and (3) "screening breath-testing devices[.]" Section 634.33(1)(3) states that "installation law

---

[4] Defendant argues that his leg injury impacted his ability to properly perform the walk and turn test. Officer Newby, however, was not told of this leg injury until after Defendant performed the walk and turn test. Additionally, probable cause existed without considering the clues exhibited from the walk and turn test. The impact Defendant's leg injury had on Officer Newby's observations is a question for the fact finder to determine in judging the weight and credibility of this evidence.

5

enforcement personnel" will be trained to "[p]erform the three field tests of the improved sobriety testing techniques."  When read together, these two regulations state that an installation law enforcement officer needs to be trained on standard field sobriety tests, the HGN test, and a portable or field breathalyzer test.

The regulations do not indicate that failure to have an officer trained on all three types of field tests would render him incapable of properly performing those field tests for which he has received training.  Likewise, the regulations do not require suppression of a field sobriety test if the officer has not received NHTSA training on the standard field sobriety tests and/or HGN test.  Finally, it is abundantly clear that these regulations do not create some additional burden on the part of the Government to prove that NHTSA procedures were explicitly followed in order for a field sobriety test to be admissible.

The Court also finds, as it has routinely found, that the one-leg stand and walk and turn test are not scientific tests and consequently are not subject to Federal Rule of Evidence 702.[5]  *See, e.g., United States v. Renfroe*, No. 4:13-mj-148, slip. op. 1-2 (M.D. Ga. Feb. 19, 2014).  The walk and turn test is based on lay observations which are admissible under Rule 701.  However, the Court recognizes the juror confusion that can occur from referring to field sobriety tests as tests which require a "pass" or "fail."  Consequently, Defendant's motion in limine is granted in part.  Neither the parties nor

---

[5] The HGN test, however, is a scientific test and requires expert testimony under Rule 702 to be admissible.

witnesses may refer to the Defendant as having "passed" or "failed" the walk and turn test. Officer Newby may testify as to his observations during the walk and turn test.

Defendant's arguments concerning O.C.G.A. §§ 40-6-392 and 40-5-67.1 and the implied consent waiver are likewise unavailing. "[F]ederal law, not state law, governs the admissibility of evidence in federal court, and complaints that the evidence was obtained in violation of state law are of no effect." *United States v. Noriega*, 676 F.3d 1252, 1263 n.4 (11th Cir. 2012) (internal quotation marks and citation omitted); *see also United States v. Goings*, 573 F.3d 1141, 1142 (11th Cir. 2009) (explaining that an officer may make an arrest if he has probable cause even if that arrest is not authorized by state law). Defendant bases his arguments concerning the implied consent statute solely on state law. *See* Def.'s Mot. to Suppress 3-5. Specifically, Defendant contends that in order for the implied consent waiver to be valid and admissible, Defendant had to be informed that pursuant to 32 C.F.R. § 634.39 he was allowed to request an additional private test. 32 C.F.R. § 634.39(a).

The Court is unaware of any federal case or statute, and Defendant has failed to point to any, that requires an officer to read 32 C.F.R. § 634.39 to an arrestee prior to taking a breath sample. Officer Newby read to and had Defendant sign an implied consent form which tracks the language of the federal implied consent statute, 18 U.S.C. § 3118. *See* Hr'g Ex. D1, ECF No. 12-2. Neither 18 U.S.C. § 3118 nor its correlating regulation, 32 C.F.R. § 634.8, require that the person subject to a chemical test be informed of the right to request a private test. Similarly, 32 C.F.R. § 634.39 contains no requirement that its contents be read to a person subject to a chemical test.

This contrasts with the state statute cited by Defendant, O.C.G.A. § 40-5-67.1, which states that the implied consent notice shall contain the following language: "After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing." O.C.G.A. § 40-5-67.1(b)(1)-(3). That statute also speaks to the admissibility of such testing—

> If any such notice is used by a law enforcement officer to advise a person of his or her rights regarding the administration of chemical testing, such person shall be deemed to have been properly advised of his or her rights under this Code section and under Code Section 40-6-392 and the results of any chemical test, or the refusal to submit to a test, shall be admitted into evidence against such person.

O.C.G.A. § 40-5-67.1(b). Section 40-6-392 contains specific requirements for chemical testing done in the State of Georgia to be considered valid and admissible. None of the federal regulations cited to by Defendant speaks to the admissibility of either field sobriety tests or chemical testing. Defendant's arguments are without merit.

In sum, probable cause existed in this case prior to Defendant actually performing the walk and turn test. Regardless, the walk and turn test was properly performed and Officer Newby's lay observations regarding the test shall be admissible. Defendant was given the proper implied consent warning in this case, and the chemical testing performed on him was done with probable cause and is likewise admissible.

## CONCLUSION

For the foregoing reasons, Defendant's motion to suppress is denied and his motion in limine is granted in part and denied in part. No party or witness shall refer to

Defendant as having "passed" or "failed" the walk and turn field sobriety test. However, Officer Newby shall be allowed to present his lay observations pursuant to Federal Rule of Evidence 701.

    SO ORDERED, this 2nd day of June, 2015.

                                      S/ Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE